UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 8073**

------------------------------------------------------x
MIGUEL FERNANDEZ, YUDITH
DE LA ROSA, and JUDITH YUMOIRYS
SAMBOY,

                Plaintiff.

  -against-

THE CITY OF NEW YORK and POLICE
OFFICER ALEXANDER SOSA,
SERGEANT TIRADO and
POLICE OFFICERS JOHN DOES,
Individually and in their Official Capacities,

                Defendants.
------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



**JUDGE RAMOS**

    Plaintiffs, MIGUEL FERNANDEZ, YUDITH DE LA ROSA, and JUDITH YUMOIRYS SAMBOY, by and through their attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

    1. This is a civil rights action in which the plaintiffs, MIGUEL FERNANDEZ, YUDITH DE LA ROSA, and JUDITH YUMOIRYS SAMBOY, seek relief for defendants' violations, under color of state law, of their rights, privileges and immunities secured by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and the Constitution and laws of the State of New York.

    2. Defendants, the City of New York and New York City Police Officers Alexander Sosa, Sergeant Tirado and John Does; individually and, as the case may be, in their official capacities,

1

jointly and severally, did cause plaintiffs MIGUEL FERNANDEZ, YUDITH DE LA ROSA, and JUDITH YUMOIRYS SAMBOY to be subject to, *inter alia*, an unreasonable search, excessive and unreasonable force, false arrest and imprisonment, causing their loss of liberty and physical and mental injury.

3. Plaintiffs seek (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights.

6. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## NOTICE OF CLAIM

8. Plaintiffs MIGUEL FERNANDEZ, YUDITH DE LA ROSA, and JUDITH YUMOIRYS SAMBOY each filed a Notice of Claim with the City of New York on or about August 28, 2013, within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

9. Plaintiffs demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

10. At all times relevant hereto Plaintiffs MIGUEL FERNANDEZ, YUDITH DE LA ROSA, and JUDITH YUMOIRYS SAMBOY were and are residents of New York, New York.

11. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12. At all times relevant to this action, Defendants Police Officer Alexander Sosa, Sergeant Tirado and Police Officers John Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

13. At all times relevant hereto and in all their actions described herein, the Defendants Officer Alexander Sosa, Sergeant Tirado and Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

14. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD. They are being sued both in their individual and official capacities.

## FACTS

15. On July 9, 2013 at about 5:00 a.m., Miguel Fernandez left his house and went to a local store to buy cigarettes.

16. Mr. Fernandez then returned home to his apartment at 525 W. 134th Street, apt 5C, NY, NY 10031, where he resides with his mother, Yudith De La Rosa and his sister, Judith Yumoirys Samboy.

17. Yudith De La Rosa and Judith Yumoirys Samboy had remained inside their apartment at 525 W. 134th Street, apt 5C, NY, NY 10031 all night.

4

18. At the time of and prior to that time plaintiffs had not engaged in any suspicious activities.

19. Approximately ten to fifteen minutes after Mr. Fernandez returned home, the door to plaintiffs' apartment was broken down by the police by use of force.

20. Mr. Fernandez remained in his bedroom, sitting on his bed. Yudith De la Rosa and Judith Yumoirys Samboy were sleeping in a second bedroom in the apartment.

21. Approximately fifteen officers entered Mr. Fernandez' bedroom, with guns pointing at him.

22. An officer then threw Mr. Fernandez face down to his bed, handcuffed him and the officer violently slammed a shield he was holding into Mr. Fernandez' back.

23. The officer then brought Mr. Fernandez to the bathroom and strip searched him.

24. No illegal contraband or drugs were found as a result of the strip search.

25. The officers asked Mr. Fernandez where the guns and drugs were.

26. Mr. Fernandez did not have any drugs or guns in his apartment.

27. The officers proceeded to tear apart plaintiffs' apartment, and even ripped open the cushions of the couch.

28. The officers did not find any drugs or guns in the apartment; however, they proceeded to arrest Mr. Fernandez, Ms. De La Rosa and Ms. Yumoirys Samboy.

29. The plaintiffs were transported to the police precinct, where they remained until approximately 11:00 a.m.

30. Thereafter, the plaintiffs were transported to Manhattan Central Booking.

31. At approximately 8:00 p.m. Ms. De La Rosa and Ms. Yumoirys Samboy were advised that the District Attorney's Office had declined to prosecute their cases and they were released.

32. Mr. Fernandez entered a guilty plea at his arraignment.

33. After Mr. Fernandez was released, on July 10, 2013 he went to St. Luke's Hospital and was diagnosed with a fractured rib, which resulted from the blows inflicted by the police officer.

34. On July 15, 2013 Mr. Fernandez was diagnosed with Pneumonia.

35. Mr. Fernandez' pain persisted and in October 2013 he was also diagnosed with sciatica.

36. In January 2014, Mr. Fernandez was prescribed a cane to assist him with his ambulatory difficulties related to this incident.

37. Mr. Fernandez has required follow up treatment for his physical injuries from pain management physicians and physical therapists. He has also received psychiatric treatment for his emotional injuries related to the incident.

38. Mr. Fernandez continues to suffer from chronic pain as a result of this incident.

39. On August 28, 2013, and within ninety (90) days of the incident, a Notice of Claim on behalf of each plaintiff was served upon NYC.

40. At least thirty (30) days have elapsed since said demands and/or claims upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

41. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

### FIRST CLAIM FOR RELIEF: <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u> (General Allegations, Fourth, Fifth and Fourteenth Amendments)

42. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

44. All of the aforementioned acts deprived plaintiffs of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

   a. the right to be free from unreasonable searches of her person,

   b. the right to be free from unreasonable seizure of her person, including excessive force,

   c. the right to be free from arrest without probable cause,

   d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiffs were aware and to which they did not consent.

   e. the right to be free from the lodging of false charges against them by police officers,

   f. the right to be free from abuse of process,

   g. the right to be free from deprivation of liberty without due process of law, and

   h. the right to equal protection, privileges and immunities under the laws.

45. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

49. By these actions, these Defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

### SECOND CLAIM FOR RELIEF: FALSE ARREST

50. Plaintiffs Yudith De la Rosa and Judith Yumoirys Samboy repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. As a result of Defendants' aforementioned conduct, Plaintiffs Yudith De la Rosa and Judith Yumoirys Samboy were subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined,

incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

52. As a result of their false arrests, Plaintiffs were subjected to severe emotional distress, humiliation, ridicule, and disgrace and were deprived of their liberty.

53. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## THIRD CLAIM FOR RELIEF: FALSE IMPRISONMENT

54. Plaintiffs Yudith De la Rosa and Judith Yumoirys Samboy repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. As a result of their false imprisonment, Plaintiffs Yudith De la Rosa and Judith Yumoirys Samboy were subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and were deprived of their liberty.

56. All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## FOURTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

58. Defendants engaged in extreme and outrageous conduct beyond all possible bounds of decency when they arrested and imprisoned Plaintiffs Yudith De la Rosa and Judith Yumoirys Samboy and when they assaulted plaintiff Miguel Fernandez.

59. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiffs when they arrested and imprisoned Yudith De la Rosa and Judith Yumoirys Samboy and when they assaulted Miguel Fernandez.

60. Defendants outrageous conduct did inflict severe distress upon all Plaintiffs, which caused Plaintiffs to suffer anxiety and mental anguish.

61. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

62. Plaintiff Miguel Fernandez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

64. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

65. As a result of the excessive force and brutality, Plaintiff sustained multiple injuries to his ribs, back, and body and endured serious emotional and psychological distress.

66. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

### SIXTH CLAIM FOR RELIEF:
### ASSAULT AND BATTERY

67. Plaintiff Miguel Fernandez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

68. By the aforementioned actions, the Defendants did inflict assault and battery upon Plaintiff Miguel Fernandez. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to Plaintiff Miguel Fernandez and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, mental anguish, costs, and expenses and were otherwise damaged and injured. Pursuant to 28 U.S.C. §1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SEVENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

70. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

72. Prior to July 9, 2013, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

73. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

74. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

75. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiffs.

76. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

78. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiffs' constitutional rights.

81. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

82. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.    To be protected against violations of civil and constitutional rights;

    d.    Not to have cruel and unusual punishment imposed upon them; and

    e.    To receive equal protection under the law.

## EIGHTH CLAIM FOR RELIEF: FAILURE TO INTERVENE UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983

83. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

85. The defendant officers were present on July 9, 2013 at 525 W. 134th Street in New York, NY and in the vicinity of plaintiffs Yudith De la Rosa and Judith Yumoirys Samboy arrest and assault on plaintiff Miguel Fernandez witnessed other officers, *inter alia*,

    a. Search plaintiffs without cause

    b. Falsely arrest plaintiffs, and

c. Use unlawful force against plaintiff, including violently assaulting plaintiff Miguel Fernandez.

86. The search of plaintiffs' persons was clearly made without probable cause, reasonable suspicion, or any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal search.

87. Defendants' violated plaintiffs' constitutional rights by failing to intervene in the illegal search of plaintiffs, the false arrests of Yudith De la Rosa and Judith Yumoirys Samboy or Defendant officers' clearly unconstitutional use of force against Miguel Fernandez that resulted in injury and damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:	New York, New York
	October 7, 2014

Respectfully submitted,

_____
Alissa Boshnack, Esq. (AB0977)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848